

Signed August 01, 2018.

_____

**Ronald B. King**
**Chief United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DINA ROCHELLE URIBE-CRUZ, | § | CASE NO. 14-52566-RBK |
| | § | |
| DEBTOR | § | CHAPTER 7 |

### MEMORANDUM OF DECISION

On July 18, 2018, came on to be heard DDR DB Stone Oak LP's *Motion to Reopen Case* (ECF No. 30), and the Court is of the opinion that the *Motion* should be denied.

The Court finds that it has jurisdiction to render a final order in this core proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

DDR DB Stone Oak LP ("Movant") seeks to reopen the bankruptcy case of Dina Rochelle Uribe-Cruz ("Debtor") so that it can commence an adversary proceeding against Debtor to determine the dischargeability of a guaranty Movant alleges Debtor forged prior to filing bankruptcy. Before filing this bankruptcy, Debtor, acting as the manager of Gildicat Management, LLC ("Gildicat"),

entered into a commercial lease with Movant. Contemporaneously with the lease, Debtor and her husband executed a personal guaranty (the "Cruz Guaranty") of the lease. Another guaranty was executed at the same time, purportedly by Antonio and Maria Rodriguez (the "Rodriguez Guaranty"), investors of Gildicat. Gildicat defaulted under the terms of the lease and as a result, Debtor filed an individual chapter 7 bankruptcy case. Movant was a creditor in the bankruptcy with notice of all proceedings, as evidenced by a Request for Notice filed by Movant on October 20, 2014, just thirteen days after Debtor filed for bankruptcy. Debtor scheduled Movant's claim under Schedule F as an unsecured contingent unliquidated claim of $2,000,000.00. The claim was listed as "lease guarantee." The bankruptcy proceeded uneventfully, the Debtor was discharged on May 20, 2015, and the case was closed on December 4, 2015.

Movant then filed a state court action on December 7, 2015, against Gildicat, Debtor's husband, and the Rodriguezes to recover amounts owed under the lease. The Rodriguezes testified at a deposition that they did not execute the Rodriguez Guaranty. Debtor testified at her deposition that the Rodriguezes signed the Rodriguez Guaranty but she had it notarized without the Rodriguezes present.

Based on these depositions, Movant now claims that the Rodriguez Guaranty was forged by Debtor and, therefore, should have been scheduled on Debtor's Schedule F in order to give Movant notice of the potential claim of nondischargeability. Movant now seeks to reopen the bankruptcy case under § 350 so that it can challenge the dischargeability of the Rodriguez Guaranty under § 523(a)(2), (4), or (6).

2

### DISCUSSION

Bankruptcy courts have wide discretion when determining whether to reopen a bankruptcy case. When making this decision, the Court should consider the benefit to both the debtor and creditors, the prejudice to affected parties, and other equitable factors. *In re Stein*, 394 B.R. 13, 15 (Bankr. E.D.N.Y. 2008). These factors include: (1) whether it is clear from the beginning that no relief would be forthcoming to the debtor or movant by granting the motion to reopen; (2) the length of time that the case has been closed; (3) whether another forum exists; (4) whether prior litigation in the bankruptcy court implicitly determined that a state court would be the appropriate forum; (5) whether any parties would suffer prejudice should the court grant or deny the motion; and (6) the extent of the benefit to the debtor by reopening the case. *In re Newberry*, No. 12-52072, 2017 WL 4564704, at *3 (Bankr. W.D. Tex. Oct. 11, 2017) (citing *In re Easley-Brooks*, 487 B.R. 400, 407 (Bankr. S.D.N.Y. 2013)). Based on an evaluation of these factors, the Court finds that it is not appropriate to reopen this case.

Most importantly, the Court finds that even if the case were reopened, Movant would be unsuccessful in having any liability related to the Rodriguez Guaranty declared nondischargeable pursuant to § 523(a)(2), (4), or (6). Exceptions to discharge under the Code must be strictly construed against the creditor and liberally construed in favor of the debtor. *In re Cowin*, 864 F.3d 344, 349 (5th Cir. 2017). The Code provides exceptions to the dischargeability of debt obtained by false pretenses, false representations, actual fraud, fraud or defalcation while acting in a fiduciary capacity, embezzlement, larceny, or for willful and malicious injury by the debtor to another entity or to the property of another entity. § 523(a)(2), (4), & (6).

3

These exceptions are not limitless and must be asserted before the bar date for such claims. *See* Bankr. R. 4007(c). If no timely objection is raised, debtors will receive a discharge of all debts—even those obtained by false pretenses, false representations, or fraud. § 523(c). Pursuant to § 523(c), the only exception to this rule is found in § 523(a)(3)(B), which excludes from discharge any debt of the kind described in § 523(a)(2), (4), or (6) if the debtor did not schedule the debt in time to permit the creditor an opportunity to file a proof of claim or a dischargeability action but *only if the creditor did not have notice or actual knowledge of the case.* § 523(a)(3)(B).

In the present case, it is undisputed that Movant had notice of the Debtor's bankruptcy. Although Movant was not aware that the Rodriguez Guaranty may have been forged by Debtor and could, therefore, be an obligation of the Debtor under Tex. Bus. & Com. Code Ann. § 3.403 (West 2002), that does not fall within the exception to discharge provided by § 523(a)(3)(B) that must be strictly construed against Movant and liberally construed in the Debtor's favor. According to the Fifth Circuit, § 523(a)(3)(B) "protects creditors against whom fraud has been perpetrated and who lack awareness of bankruptcy proceedings. However, it explicitly places a burden on creditors with knowledge of bankruptcy proceedings to act to protect their rights." *In re Compton*, 891 F.2d 1180, 1187 (5th Cir. 1990). Movant did not provide any cases to the Court, and the Court was unable to find a single case, where a court found that a debt falling within subsections § 523(a)(2), (4), or (6) was found nondischargeable after the objection to dischargeability deadline had passed even though the creditor had knowledge of the bankruptcy. Congress has provided a specific exception to discharge for debts obtained by fraud and deceit but the deadline was not met in this case. For these reasons, the Court finds that even if Debtor forged the Rodriguez Guaranty—which is a disputed

4

question of fact—the debt was discharged in 2015 and Movant would not be successful in an action under § 523 at this time. The case should, therefore, not be reopened.

### <u>Conclusion</u>

DDR DB Stone Oak LP's *Motion to Reopen Case* must be denied because the Court finds that no relief would be available to Movant.

This Memorandum of Decision constitutes the findings of fact and conclusions of law of the Court pursuant to Fed. R. Bankr. P. 7052 and 9014. A separate order will be entered.

# # #